[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #3
In Motion for Summary Judgment #3, defendants Levy Droney, P.C. and Joseph A. Vitale seek summary judgment as to two groups of claims asserted by six of the seven vanguard plaintiffs: Robert Bachrach, Sylvia Rosh, Ruth Dudrow, Tatiana Pollock, Marion Morley, and Eugene Cederbaum, executor of the estate of Zelda Cederbaum. The motion is not addressed to the claims of Dora Massoff.
One group of claims of the six plaintiffs, at counts 67, 69, 71, 73, 75, 79, 81 and 83, challenged in this motion, has already been decided in favor of Levy Droney and in favor of Vitale in his capacity as legal counsel to East Hill Woods (though not in his capacity as an officer and trustee of East Hill Woods), in this court's ruling on these movants' Motion for Summary Judgment #1.
The other group includes counts 28, 30, 32, 34, 36, 38, 40, 42, and 44, in which the six plaintiffs whose claims are challenged in this motion allege that these defendants made intentional misrepresentations to them. The movants allege that these claims are barred by the three-year statute of limitation set forth in Conn. Gen. Stat §§ 52-577 and 52-584. The six plaintiffs have pleaded two tolling doctrines: 1) that the conduct alleged was part of a continuing course of conduct that included later related acts and 2) that the movants fraudulently concealed from the plaintiffs the existence of a cause of action against them. The plaintiffs have also briefed the claim that the movants had a special relationship with the plaintiffs that tolled the statutes of limitation.
References to Other Rulings
This court has set forth the applicable standard for review and has discussed in detail some of the claims reiterated in connection with this motion in its rulings on Motions for Summary Judgment #1 and #2 and in the motion for summary judgment of Ernst Young decided on September 13, 1999. The court adopts those discussions by reference rather than repeating them in this CT Page 12881 ruling.
Claims of Negligent Misrepresentation against Vitale as Officerand Trustee
This court's ruling as to Motion for Summary Judgment #1 left as triable claims the allegations in Counts 67, 69, 71, 75, 79, 81 and 83 that relate to Joseph Vitale's actions as an officer and trustee of East Hill Woods. In those counts, the seven plaintiffs allege that this defendant "notwithstanding a duty to do so before the execution of the Residence Agreements. . . . negligently failed to disclose the true financial condition of East Hill Woods to the Department (of Aging) and to the plaintiffs. . . . negligently failed to provide to the Department and to these individuals proper financial statements, annual filings, and disclosure statements meeting the requirements of Connecticut law." Those claims challenged in Motion for Summary Judgment #3 on the ground that the statute of limitations has expired with regard to torts that occurred more than three years before the plaintiffs filed suit on January 7, 1998.
As has been detailed in the ruling on Motion for Summary Judgment #2, the six plaintiffs whose claims are challenged in this motion executed their residence agreements more than three years before commencing suit. Their claims of negligent representation against defendant Vitale as an officer and trustee would be time-barred unless one of the tolling doctrines pleaded by the plaintiffs applies.
The material facts are in dispute as to whether defendant Vitale fraudulently concealed facts that would have led the plaintiffs to learn that they had a cause of action against him as an officer and trustee. The six plaintiffs have filed documents signed by this defendant which a trier of fact could construe as confirming his direct involvement in East Hill Woods' disclosures; and there are material issues of fact as to his participation in the reassurances that the plaintiffs have stated delayed their discovery of their claims. A party who moves for summary judgment has the burden of showing what the facts are and that those facts entitle him to judgment as a matter of law. Defendant Vitale has not discharged this burden.
Counts 28, 30, 32, 34, 36, 38, 40, 42 and 44
The six plaintiffs allege in these counts that defendants CT Page 12882 Levy Droney and Joseph Vitale fraudulently failed to disclose the true financial condition of East Hill Woods to the plaintiffs and failed to provide them with "proper financial statements, annual filings and disclosure statements meeting the requirements of Connecticut law." This allegation, repeated in each of the counts at issue, alleges intentional nondisclosure in two time periods: the time period up to and including the date of the execution by each plaintiff of a contract with East Hill Woods, and the period thereafter. For convenience, the court will refer to these as "execution" and "post-execution" claims.
The plaintiffs have stated at page 12 of their brief that "(t)he plaintiffs acknowledge that the three year limitations periods in Conn. Gen. Stat § 52-577 and 52-584 apply to the tort claims that are unrelated to the Continuing Care Act." The court rejects the plaintiffs' inference, made elsewhere in their briefs, that because an intentional tort is alleged to relate to a disclosure required by the Continuing Care Act, the statute of limitations for that tort is the six-year period applicable to an action brought against a provider of continuing care services for violation of the Act. The three-year statute of limitations applies both to execution claims and post-execution claims in these counts unless one of the tolling doctrines pleaded by the plaintiffs applies.
Execution Claims
With regard to these claims, the court adopts its reasoning and rulings on the movants' Motion for Summary Judgment #2, such that summary judgment is granted as to these claims against Levy Droney, P.C. and against Vitale with regard to any duty claimed to arise from his role as legal counsel to East Hill Woods. It is denied as to claims against Vitale with regard to duties claimed to arise form his role as an officer and trustee of East Hill Woods.
Post-execution Claims
The movants have not established according to the standards for summary judgment that these claims arose more than three years before the plaintiffs commenced this action on January 12, 1998. This motion does not challenge the substance of these claims against the movants but only their timeliness.
Conclusion
CT Page 12883
This motion for summary judgment is denied as to the claims of the six vanguard plaintiffs in Counts 67, 69, 71, 73, 75, 79, 81 and 83 against Joseph Vitale in his capacity as an officer and trustee.
The execution claims in Counts 28, 30, 32, 34, 36, 38, 40, 42 and 44 against Levy Droney, P.C. and against Vitale as legal counsel are not tolled by any of the tolling doctrines invoked by the plaintiffs, and summary judgment is granted as to those claims.
The motion for summary judgment on the basis of the running of the statute of limitation is denied as to the post-execution claims in Counts 28, 30, 32, 34, 36, 38, 40, 42 and 44, which have not been shown to have arisen more than three years before the commencement of suit. This motion is not addressed to the claims of plaintiff Massoff.
Beverly J. Hodgson Judge of the Superior Court